UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:14-cv-16-FDW

| | |
|---|---|
| TORREY F. WILCOX, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| HUBERT CORPENING, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** comes before the Court on initial review of pro se Petitioner Torrey Wilcox's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2). For the following reasons, Petitioner's Motion to Proceed in Forma Pauperis will be granted and the petition will be dismissed as untimely.

**I.     BACKGROUND**

Petitioner is a North Carolina state court inmate currently incarcerated at Marion Correctional Institution in Marion, North Carolina. On or around May 15, 2006, Petitioner pled guilty in Macon County Superior Court to eight counts of sexual offense with a minor, pursuant to N.C. GEN. STAT. 14-27.7(a). Petitioner was sentenced to seven cumulative sentences of 22-36 months of imprisonment. Petitioner did not appeal.

Petitioner states that he filed a motion for appropriate relief ("MAR") in Macon County Superior Court on February 26, 2013, which motion was denied on September 27, 2013. Petitioner states that he then filed a petition for writ of certiorari in the North Carolina Court of Appeals, which petition was denied on December 18, 2013. Petitioner placed the petition in the

1

prison system for mailing on May 12, 2014, and it was stamp-filed in this Court on May 14, 2014. Petitioner brings the following claims in the habeas petition: (1) he was subjected to double jeopardy, as "the use of a multiplicitous indictment, resulted in Petitioner receiving multiple punishments for the same offense" and (2) he received ineffective assistance of counsel based on counsel's failure to object to the indictment. (Doc. No. 1 at 5-7).

The Court first considers Petitioner's Motion to Proceed in Forma Pauperis. A petition for a writ of habeas corpus requires a filing fee of $5.00. A review of the pleadings reveals that as of May 21, 2014, Petitioner had $0.16 in his inmate trust account. See (Doc. No. 4 at 8). Based on these figures, the Court finds that Petitioner has insufficient assets with which to pay the filing fee. Accordingly, the Court will grant his motion to proceed in forma pauperis.

**II.     STANDARD OF REVIEW**

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. After reviewing the record in this case, the Court finds that no response from the government is necessary.

**III.    DISCUSSION**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Furthermore, for convictions that became final before the AEDPA's effective date, the limitations period began to run on April 24, 1996, the effective date of the Act. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000). Finally, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. See 28 U.S.C. § 2244(d)(2).

Because Petitioner pled guilty on May 15, 2006, his conviction became final, at the latest, on May 29, 2006, when the time to appeal expired. See Gladney v. Hall, No. 1:12cv3, 2013 WL 6633718, at *3 (M.D.N.C. Dec. 17, 2013) (because defendants in North Carolina have a limited right to appeal after a guilty plea, a conviction after a guilty plea will usually become final when judgment is entered); see also N.C. R. APP. P. 4(a)(2) (fourteen days to appeal from conviction). Petitioner's one-year period of limitation under 28 U.S.C. § 2244(d)(1) then ran for 365 days until it fully expired, at the latest, on May 29, 2007. Petitioner dated his petition May 12, 2014, and it was stamp-filed in this Court on May 14, 2014. Thus, the petition is almost seven years out of time. Furthermore, none of Petitioner's state post-conviction motions or petitions served to toll the one-year period of limitation because they were filed after the one-year limitations period had already expired. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

In paragraph 18 of the petition regarding timeliness, Petitioner asserts that through his continual efforts and due diligence he did not discover until well after the expiration of the

3

limitations period that the indictment allowed the prosecution "to create two counts under the statute from a single occurrence/violation, thereby sentencing/punishing petitioner twice for the same offense," thus violating Petitioner's double jeopardy rights. (Doc. No. 1 at 13-14). It appears that Petitioner is attempting to argue that the petition is timely under § 2244(d)(1)(D), because it was filed within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, Petitioner has been on actual or constructive notice of the factual predicate of his double jeopardy claim since the indictment was filed. Next, to be entitled to equitable tolling, a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstances stood in the way of him filing the petition in a timely manner. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not shown that he was diligent in pursuing his right to file his § 2254 petition, nor has he shown that an extraordinary circumstance prevented him from filing the petition in a timely manner. In sum, the petition will be dismissed as untimely.

### IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2254 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and petition is **DISMISSED**.

---

[1] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his § 2254 petition, Petitioner addressed the statute of limitations issue, and Petitioner's explanation indicates no confusion over the timeliness issue.

2. Petitioner's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 28, 2014

Frank D. Whitney
Chief United States District Judge